UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **Vidyartie Ganesh,** <br><br> Plaintiff, <br><br> v. <br><br> **NYPD Police Officer William Clemens, Shield #27464, Police Officer Patrick Fitzmaurice, Shield #11671, Police Officer Sgt John Mccormick, Police Officer Lt Simon, Police Officers John/Jane Does(s) #S 1-3, John And Jane Doe State Prosecutor, Dara E. Mccants, The City of New York, The Legal Aid Society,** and **Home Depot, Inc.** <br><br> Defendants. | 22-cv-02396 <br><br> **Memorandum and Order** |

**NINA R. MORRISON**, United States District Judge:

Plaintiff Vidyartie Ganesh commenced this action on April 26, 2022, against the Legal Aid Society ("LAS") and numerous defendants, including the City of New York and multiple New York City Police ("NYPD") officers, claiming multiple violations of constitutional rights arising out of an arrest and subsequent representation in an April 28, 2019, arraignment and July 11, 2019, proceeding ("2019 proceedings"). *See* Compl., ECF No. 1, at ¶ 45; Def. Mot., ECF No. 19-1, at 5; Def. Ex. B, ECF No. 19-4, at 1. LAS has moved to dismiss the claims against it. For the reasons stated below, the Court grants LAS's Motion to Dismiss.

## I. BACKGROUND

In his complaint, Plaintiff alleged that LAS provided "ineffective assistance of counsel" because LAS provided a lawyer who was "blind" and

was "led to the Court by a Caregiver [sic] and said Lawyer [sic] was Compromised [sic]." ECF No. 1, at ¶ 46. On November 14, 2022, LAS moved to compel a briefing schedule for the instant motion to dismiss. *See* ECF No. 16. Defendant City of New York had no objections and Plaintiff neither consented nor objected to a schedule. *Id.* On December 5, LAS moved to dismiss Plaintiff's claims stemming from its 2019 representation of Plaintiff. On December 16, following a conference before Magistrate Judge James R. Cho, LAS re-sent a copy of the motion to Plaintiff. *See* ECF Nos. 22, 23. On December 20, Plaintiff filed an interlocutory appeal on the motion to compel that is currently pending.

On March 2, 2023, the Court noted that Plaintiff had neither moved to stay proceedings with respect to the motion to dismiss nor filed opposition papers, and gave Plaintiff until March 13 to file his opposition to LAS's motion to dismiss. Plaintiff did not file any opposition papers prior to the extended deadline of March 13, 2023.[1]

## II. LEGAL STANDARD

Courts must "liberally constru[e]" documents filed *pro se*, which means that courts should hold a *pro se* complaint to "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted). Still, to survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Even when a motion to dismiss is unopposed, a district court may determine the "sufficiency of a complaint" as a "matter of law . . . based on its own reading of the pleading and knowledge of the law." *Goldberg v. Danaher*, 599 F.3d

---

[1] Plaintiff filed a letter on May 12, 2023, requesting a hearing on LAS's motion to dismiss; the Court declines to consider the letter as Plaintiff's opposition to the motion or to grant the requested hearing, as it was submitted at least two months after Plaintiff's time to file opposition papers was extended and nearly six months after LAS timely filed its motion to dismiss pursuant to the November 15, 2022, deadline set by Magistrate Judge Cho. *See* ECF No. 15; Dkt. Entry (Nov. 1, 2022).

181, 184 (2d Cir. 2010); *see also Johnson v. Santiago*, 624 F. Supp. 3d 295, 298 (E.D.N.Y. 2022) (citing *Goldberg*).

## III.  ANALYSIS

The Court could not identify any specific causes of action from Plaintiff's Complaint directed at LAS, but, given that LAS is a named defendant, the Court "liberally construes" all of the causes of action in the Complaint as directed against LAS.  *See* ECF No. 1, at 23–27; *Erickson*, 551 U.S. at 94.  Each of Plaintiff's causes of action are brought under 42 U.S.C. § 1983.  *See* ECF No. 1, at 23–27.

A plaintiff stating a claim under § 1983 must allege that the conduct complained of (1) was committed by a person acting under the color of state law and (2) deprived the plaintiff of a constitutional right.  *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922 (1982).  But "court-appointed attorneys performing a lawyer's traditional functions as counsel to defendant"—as LAS was for Plaintiff in the 2019 proceedings—do not act "under color of state law" and therefore cannot be sued under § 1983.  *See* ECF No. 1, at ¶ 45; *Rodriguez v. Weprin*, 116 F.3d 62, 65-66 (2d Cir. 1997).

## IV.  CONCLUSION

The Court grants Defendant Legal Aid Society's motion to dismiss. The Court certifies that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

                                             */s/ NRM*
                                          NINA R. MORRISON
                                          United States District Judge

Dated:   July 3, 2023
             Brooklyn, New York